■ In the Matter of ERNEST D. DAVIS et al., Constituting the Board of Trustees of the Incorporated Village of Walden, Petitioners, v CARL HELSTROM et al., Constituting the Town Board of the Town of Montgomery, Respondents.—In a proceeding pursuant to section 712 of the General Municipal Law (the Municipal Annexation Law) to determine whether a proposed annexation by the Incorporated Village of Walden of certain territory in the Town of Montgomery is in the over-all public interest, wherein this court, pursuant to subdivision 6 of section 712, by order dated September 25, 1978, designated three referees, including the Honorable John W. Sweeny, a Justice of the Supreme Court, to hear and report to this court, following which the parties ultimately stipulated to proceed before the Honorable John W. Sweeny alone, who, by report dated August 24, 1979, recommended that the annexation be approved subject to a stated condition (1) petitioners move to confirm the report and for an adjudication that the proposed annexation is in the over-all public interest and (2) respondents cross-move to disaffirm the report and for an adjudication that the proposed annexation is not in the over-all public interest. Motion and cross motion denied, without costs or disbursements. On the court's own motion the report and the order of this court dated September 25, 1978 are vacated. The Honorable Abraham S. Isseks, a Justice of the Supreme Court, Honorable Joseph F. Hawkins, a former Associate Justice of the Appellate Division, Second Department, and Honorable Morton Silberman, a former Justice of the Supreme Court, are hereby designated to hear and report to this court, together with their findings of fact and conclusions of law (see General Municipal Law, § 712, subd 6, as amd by L 1980, ch 96, § 1). The fee of each of the referees, Honorable Joseph F. Hawkins and Honorable Morton Silberman, is fixed at $300 "for each day spent in the business of the reference" (see CPLR 8003, subd [a]). Section 712 of the General Municipal Law provides that the appropriate Appellate Division "shall designate three referees * * * to hear and report to the court" (subd 6) where "one or more but not all of the governing boards of the affected local governments shall determine that it is not in over-all public interest to approve the proposed annexation" (subd 1). Since the statute demonstrates a legislative determination that annexation issues uniquely require an advisory multirefereeship whose personnel is to be appointed by the Appellate Division, we view the statute as a mandate that "*three* referees * * * [shall] hear and report" (emphasis supplied). Therefore, upon the resignation, incapacity or death of any of the referees, it is incumbent upon the parties to apply to this court for the designation of a successor referee (see CPLR 4314). The parties may not, by formal stipulation or otherwise, chart a contrary course. At the new hearing the parties, should they so desire, may stipulate that the testimony and exhibits presented at the prior hearing be deemed part of the record, together with such additional matter as they may wish to introduce. We particularly call to the attention of counsel that the present record is not sufficiently clear as to whether the owner of Lot No. 10 in the Grandview Heights subdivision would be adversely affected by the proposed annexation and, if so, the appropriate manner by which he

should be protected from loss. Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.